UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 20-7-DLB

ARTHUR JERRY VOLZ                                                          PETITIONER

v.                 **MEMORANDUM OPINION AND ORDER**

J.A. BARNHART, WARDEN                                     RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Arthur Jerry Volz is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Volz filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth herein, Volz's Petition is **denied**.

In 2013, Volz pled guilty to being a felon in possession of a firearm and possession with the intent to distribute cocaine. *See generally United States v. Volz*, No. 3:12-cr-140 (M.D. Tenn. 2013). According to Volz, the district court determined that he was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.) because he had at least two prior felony convictions for either a crime of violence or controlled substance offense. Thus, Volz's sentencing guidelines range was enhanced, and the district court ultimately sentenced him to 151 months in prison. *See id.* at Doc.

1

# 30. Volz did not appeal his sentence to the United States Court of Appeals for the Sixth Circuit, and he did not file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

Volz now pursues relief via § 2241. While Volz's petition is somewhat difficult to decipher, he is clearly trying to challenge the validity of his 151-month sentence. Indeed, Volz argues that, in light of the Sixth Circuit's recent en banc decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. June 19, 2019), he no longer qualifies as a career offender and, thus, his sentence should be vacated. (Doc. # 1-1).

Volz's petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his conviction and sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a habeas petition under § 2241). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Volz cannot use his § 2241 petition as a way of challenging his sentence.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their sentences in a § 2241 petition. However, the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an

error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016). The Sixth Circuit also expressly limited its decision to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)." *Id.* at 599–600. Finally, the Sixth Circuit has made it clear that the retroactive case of statutory interpretation on which the petitioner relies must be a U.S. Supreme Court decision, not a federal circuit court case. *See id.* at 600 (limiting its decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court"); *see also Hueso v. Barnhart*, No. 18-6299, 2020 WL 104612, at *1 (6th Cir. Jan. 9, 2020) (holding that a prisoner may not seek habeas relief under § 2241 based solely on a federal circuit court case; rather, the retroactive case of statutory interpretation on which the prisoner relies must come from the Supreme Court).

Volz does not meet the foregoing requirements. As an initial matter, the trial court sentenced Volz in 2013, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory. On this basis alone, Volz's claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his underlying sentence. *See Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. March 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020, 2018 U.S. App. LEXIS 25678, at *3 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post

*Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837, 2018 U.S. App. LEXIS 8901, at *4–5 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

Volz has also not identified a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as required. *See Hill*, 836 F.3d at 600; *Hueso*, 2020 WL 104612, at *1. Instead, Volz relies on the Sixth Circuit's recent en banc decision in *Havis* which is, of course, not a Supreme Court decision. Thus, Volz's claim is simply not cognizable in a § 2241 petition.

For the reasons set forth above, Volz's attack on his § 4B1.1 enhancement does not even get off the ground.[1] Accordingly, it is **ORDERED** that:

(1) Volz's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) A corresponding Judgment will be entered this date.

---

[1] It is worth noting that Volz's reliance on *Havis* also appears to be misplaced as a substantive matter. In *Havis*, the Sixth Circuit explained that attempt crimes do not qualify as predicate controlled-substance offenses for purposes of an enhancement under the sentencing guidelines. *See Havis*, 927 F.3d at 387. However, in this case, it appears from Volz's plea agreement that his predicate controlled-substance offenses—those prior convictions used to enhance his sentence—were not attempt crimes but, instead, multiple state-court convictions for possession with the intent to distribute cocaine. *See United States v. Volz*, No. 3:12-cr-140, at Doc. # 29 at 9 (discussing his drug convictions in 2006 and 2008 in Davidson County, Tennessee).

This 14th day of January, 2020.



Signed By:
*David L. Bunning*   DB
United States District Judge

J:\DATA\ORDERS\ProSe\6-20-7 MOO re 2241.docx